IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BRENNAN,

    Plaintiff,

    v.                                                Civil Action No. 11-146
                                                      Judge David Stewart Cercone
                                                      Magistrate Judge Cynthia Reed Eddy

COMMONWEALTH OF PENNSYLVANIA,
OFFICER CLOUSE, OFFICER PANCHICK,
ARNOLD POLICE STATION,
LAWRENCE KOENIG, ESQ.,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice as to defendant Commonwealth of Pennsylvania.

### II. REPORT

Plaintiff Frederick Brennan named the Commonwealth of Pennsylvania as one of several defendants in his civil rights complaint and amended complaint. The Commonwealth has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (Doc. 15) with Brief in Support (Doc. 16), arguing that the Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984).

A state's Eleventh Amendment immunity can be lost only by Congressional abrogation (which is not at issue here) or by waiver and consent. <u>Pennhurst</u>, 465 U.S. at 99. While the Pennsylvania General Assembly has expressly waived its immunity in nine instances specified in 42 Pa. C.S.A. § 8522, none of those exceptions is at issue here. And in any event, when enacting its limited waiver of immunity, the Commonwealth specifically reserved its right under the Eleventh Amendment to immunity from suit in federal court. 42 Pa.C.S. §8521(b); see also Pa.Const.Art. I, §11; 1 Pa.Const.Stat.Ann. §2310; <u>Lavia v. Department of Corrections</u>, 224 F.3d 190, 195 (3d Cir. 2000).

Moreover, the Commonwealth correctly notes that it is not a "person" as defined under 42 U.S.C. § 1983 and thus, cannot be sued under that statute. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71(1989).

Plaintiff was given until September 2, 2011 to respond to this Motion to Dismiss, which he has failed to do. Accordingly, any claims against the Commonwealth of Pennsylvania should be dismissed.

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that the claims against the Commonwealth of Pennsylvania be dismissed. Additionally, as it is clear that leave to amend would be futile, dismissal should be with prejudice. See <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until December 2, 2011, to file objections to this report and recommendation. Failure to file

objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: November 15, 2011

                                                s/Cynthia Reed Eddy
                                                CYNTHIA REED EDDY
                                                UNITED STATES MAGISTRATE JUDGE

cc:
**FREDERICK BRENNAN**
2100 Park Hill Drive, Apt. G
Pittsburgh, PA 15221