IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BRENNAN,
    Plaintiff,

    v.

OFFICER CLOUSE, OFFICER PANCHICK,
ARNOLD POLICE STATION,
    Defendants.

Civil Action No. 11-0146
Magistrate Judge Cynthia Reed Eddy

**MEMORANDUM OPINION IN SUPPORT OF DISMISSAL**

The above captioned case was initiated by the filing of a complaint and motion to proceed *in forma pauperis* on February 4, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the local rules of court.  Plaintiff Frederick Brennan's civil rights complaint stated claims arising from his arrest and pretrial detention by City of Arnold police officers, and post arrest claims against the Commonwealth of Pennsylvania, Westmoreland County and a Westmoreland County Assistant District Attorney.

The Commonwealth and Westmoreland County defendants have previously been dismissed from the case.  See [ECF Nos. 47, 48].  The remaining parties, Plaintiff, the City of Arnold and two of its police officers, have consented to trial before a United States Magistrate Judge.  See [ECF Nos. 6, 52].  At the initial case management conference of March 13, 2011, counsel for the City of Arnold defendants were in attendance, but Plaintiff did not appear.  Defendants made an oral motion to dismiss the claims against them, which this Court granted on the record in open court.  This Memorandum Opinion further explains and supports that dismissal.

On November 15, 2011, this Court filed a Report and Recommendation recommending

that the Motion to Dismiss filed by the Commonwealth of Pennsylvania be granted pursuant to the Eleventh Amendment to the United States Constitution, and because the Commonwealth is not a "person" and cannot be sued under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71(1989). Plaintiff was mailed the Report and Recommendation at his listed address and was advised that he had until December 2, 2011, to file written objections to the Report and Recommendation. Plaintiff filed no objections and, after de novo review of the pleadings and documents in this case, together with the Report and Recommendation, District Judge David S. Cercone entered an Order on January 9, 2012, granting the Commonwealth's motion to dismiss, and dismissed Plaintiff's claims against the Commonwealth with prejudice.

On January 5, 2012, this Magistrate Judge issued a Report and Recommendation which recommended that this case be dismissed, with prejudice, as to defendants Westmoreland County and Lawrence Koenig, Assistant District Attorney for Westmoreland County, because Plaintiff had failed to file, as ordered, a response in opposition or an Amended Complaint to these defendants' motion to dismiss. Plaintiff was mailed the Report and Recommendation at his listed address and was advised that he had until January 23, 2012, to file written objections to the Report and Recommendation. Plaintiff filed no objections and, after de novo review of the pleadings and documents in this case, together with the Report and Recommendation, District Judge David S. Cercone entered an Order on February 7, 2012, granting the Westmoreland County defendants' motion to dismiss, and dismissed Plaintiff's claims against those defendants with prejudice.

This Court then scheduled an initial case management conference for March 16, 2012. On February 29, 2012, the conference was rescheduled for March 13, 2012. As were the Report and Recommendations and Memorandum Orders, the scheduling orders were sent to Plaintiff by

first class mail to his address of record. Plaintiff did not appear at the initial case management conference, and after delaying the conference for approximately one and one-quarter hour, this Court entertained remaining defendants' oral motion to dismiss. Defendants recounted, on the record, their attempts to contact Plaintiff, and stated they sent Plaintiff the proposed Rule 26(f) report and ADR stipulation by first class and overnight delivery mail, which were not returned as undeliverable.

It is apparent that Plaintiff has lost interest in his case. A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

There is no "magic formula" for balancing the so-called Poulis factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

Because five of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed with prejudice. Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the numerous orders set forth above. The failure to respond to the Court's rulings and orders in question is on Plaintiff, and he bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders).

(2) Prejudice to the adversary.

The complaint has been pending for over one year. Although there is no indication that Defendants have been significantly prejudiced, they were certainly inconvenienced in preparing for and attending the initial status conference that he failed to attend.

(3) A history of dilatoriness.

The level of inattention Plaintiff recently has displayed is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, supra, and it appears that his failure is willful. Moreover, he failed to notify the Court of any change of address, which is his obligation, if indeed he has moved.

(5) Alternative sanctions.

Imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Brennan. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

(6) Meritoriousness of Plaintiff's case.

This factor is neutral, as it is impossible for this Court to determine whether Plaintiff's claims against the City of Arnold and its officers are meritorious. It is possible that at least some of Plaintiff's claims are meritorious. The Court notes that Plaintiff made no effort to save his claims against the Commonwealth and the Westmoreland County defendants, which clearly were not meritorious.

For the reasons stated above, this case was dismissed against the remaining defendants, with prejudice, on defendants' oral motion to dismiss, due to Plaintiff's repeated failure to comply with the orders of this Court, and failure to prosecute. A separate formal order will follow.

                                              s/ Cynthia Reed Eddy
                                              Cynthia Reed Eddy
                                              United States Magistrate Judge

cc:
Frederick Brennan, Pro Se
2100 Park Hill Drive, Apt. G
Pittsburgh, PA 15221

All ECF registered counsel